### STREET ASSESSMENTS—THE RIGHT TO LEVY.

[Circuit Court of Hamilton County.]

## The City of Cincinnati v. Shoemaker.

*Section 2264b Unconstitutional—Fundamental Right to Improve and Assess Cost—Abutting Property—Benefits.*

A municipality has the fundamental right to make a street improvement and assess the cost equitable upon the abutting property.

The Facts Stated.

The defendant in error filed a suit in the Court of Insolvency, which has been given jurisdiction in that class of cases, to enjoin the collection of an assessment for a street improvement, levied under the provisions of R. S., Section 2264b, which bases the assessment upon the abutting frontage of the lot, but applies to only three municipalities of the state. The City demurred to the petition, and the demurrer was overruled. The case was then taken to the Circuit Court, where the action below was sustained in an unreported decision, the holding being that Section 2264b, is unconstitutional, and the assessment should be enjoined, and a reassessment permitted under Section 2264. The case was remanded for further proceedings; whereupon the City filed an answer containing the following allegations:

"The defendant says that the assessment levied, as described in the petition, is in proportion to the special benefits conferred, by the improvement of Mercer street, on said property of the plaintiffs, and on each abutting foot thereof, upon which said assessment was made; that said assessment levied upon said property, and each abutting foot thereof, are not in excess of the special benefits conferred upon said property and each abutting foot thereof; that said special benefits do in fact, as to said property and each abutting foot thereof, fully equal the assessments levied thereon, and as to each parcel of land and each abutting foot thereof, upon which the assessments for said Mercer street were levied, the assessments are in proportion to the special benefits conferred thereon by said improvement of said street."

To this answer the abutting property owners demurred; the demurrer was sustained, and the case was again taken to the Circuit Court.

Albert H. Morrill argued for the City that with the facts thus admitted the case falls within Schroder v. Overman, 61 O. S., 1; that this authority is of special force, since it is of the date when Baker v. Norwood, 172 U. S., 269, was supposed to have invalidated front foot assessments; that the rules of assessment are subject to Section 2283 R. S., requiring that "regard must be had in making special assessments to.the probable benefits to the property assessed," Walsh v. Barren, 61 O. S., 15; that in as much as the property in this case would have been assessed for the same amount under the rule of benefits, the abutting owners are not prejudiced, Voight v. City of Buffalo, 133 N. Y., 463; and that a court of equity will not concede to these abutting owners any greater exemption than in a case brought by a contractor for the collection of a defective assessment, where under Section 2289 and 2327 judgment would be rendered for the amount properly chargeable, Walsh v. Sims, 65 O. S., 211.

Chas. B. Wilby and Chas. E. Tenney argued for the property owners that in as much as the assessment under the decision of the court is as a nullity, the case stands as if no assessment had been made by any board, and the City through its auditor were trying to collect money from the plaintiffs in the entire absence of any proceedings for the levying of an assessment; that under Section 5848 R. S., the plaintiff need not make out a case in every element in order to be entitled to equitable relief, Tone v. Columbus, 39 O. S., 281, but that it is sufficient to show the assessment is illegal; and that the assessment being void, and not merely tainted with irregularity, which is curable under the provisions of 2289 R. S., providing for the disregard of any technical irregularity or defect, and not falling under Section 2289a and 2289c, which provide that assessments shall not be enjoined for certain defects or procedure described therein, it should be set aside, and the City forbidden to collect for the improvement until the proper board shall have made a proper law.

JELKE, J.; GIFFEN, P. J., AND SWING, J., concur.

The former holding of this court that R. S. 2264b is invalid, has nothing to do with the City's fundamental right to make the improvement and assess the cost thereof equitably on the abutting property. It merely held invalid a rule for estimating the amount

of the assessment different in Cincinnati, Toledo and Springfield from all the other municipalities in the state. If the benefits conferred are equal to the assessment, there is nothing to move a court of equity to intervene by injunction. Hence the answer of the City in this case sets up a good reason and defense why an injunction should not be allowed.

This we believe to be in accord with the principles underlying Schroder v. Overman, 61 O. S., 1, and Walsh et al v. Sims, Treas., 65 O. S., 211.

Judgment reversed.

*Chas. J. Hunt,* for the City.

*Chas. B. Wilby* and *Chas. E. Tenney,* contra.